UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN D. LUMMIS and<br>CYNTHIA MacBETH,<br><br>         Plaintiffs,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:04-cv-0080-DFH-VSS<br>)<br>)<br>)<br>)<br>) |

ENTRY ON PLAINTIFFS' MOTION TO RECONSIDER AND
DEFENDANT'S MOTION FOR CLARIFICATION

On June 16, 2005, the court granted defendant State Farm Fire and Casualty Company's motion for partial summary judgment on plaintiffs' bad faith claim. Plaintiffs have asked the court to reconsider. Defendant has asked the court to clarify one aspect of the court's reasoning. The court denies both motions.

Plaintiffs have not offered any new or different reasons for reaching a different result on their bad faith claim. The Indiana Supreme Court's intervening decision in *Monroe Guaranty Insurance Co. v. Magwerks Corp.*, 829 N.E.2d 968 (Ind. 2005), does not alter the court's conclusions. The controlling issue on the bad faith claim in this case has always been whether State Farm had a reasonable basis for believing that Mr. Lummis was responsible for the

arson that destroyed his home. There is no record in this case, as there was in *Magwerks*, that the insurer had changed its position about coverage.

Defendant State Farm believes the court erred in concluding that an insured could prove the bad faith tort by a preponderance of the evidence, while requiring of course that punitive damages would need to be supported by clear and convincing evidence. The court wrote in that entry:

> In Indiana, "the mere finding by a preponderance of the evidence that the insurer committed the tort will not, standing alone, justify the imposition of punitive damages." [*Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993).] Punitive damages on a bad faith claim require "clear and convincing evidence that the insurer knew there was no legitimate basis for the denial." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002); see also *Erie*, 622 N.E.2d at 520 (stating that proof of bad faith by "clear and convincing evidence" is needed to support punitive damages); *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870 (7th Cir. 1994) (reversing jury award of punitive damages where evidence of bad faith was insufficient to meet clear and convincing standard of proof, but noting that "[t]he jury could, on the other hand, have found that the denial of coverage was unreasonable and therefore tortious").

Entry at 13. In other words, the court concluded that different standards of proof applied to whether an insurer acted in bad faith (a preponderance of the evidence is sufficient), and whether an insured can win punitive damages for bad faith (clear and convincing evidence is required).

This distinction is clear in *Erie*, but State Farm contends that *Freidline* erased the distinction. The *Erie* court recognized the bad faith tort and

concluded: "Thus, an insured who believes that an insurance claim has been wrongly denied may have available two distinct legal theories, one in contract and one in tort, each with separate, although often overlapping, elements, defenses and recoveries." 622 N.E.2d at 520. This statement concluded the court's discussion recognizing the tort itself. This statement preceded the separate discussion of punitive damages, where the court held that clear and convincing proof was required of "malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error judgment, overzealousness, mere negligence, or other human failing." *Id.* This reading of *Erie* is consistent with the Seventh Circuit's decision in *McLaughlin v. State Farm Mutual Automobile Insurance Co.*, 30 F.3d 861, 870 (7th Cir. 1994), cited in the original entry.

State Farm relies on this sentence in *Freidline*: "To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability." 774 N.E.2d at 40, citing *Indiana Ins. Co. v. Plummer Power Mower & Tool Rental, Inc.*, 590 N.E.2d 1085, 1093 (Ind. App. 1992). State Farm suggests that this sentence amounted to a change in Indiana law, effectively raising the standard of proof for the bad faith tort (apart from the issue of punitive damages). See also *Cain v. Griffin*, 826 N.E.2d 41, 48 (Ind. App. 2005) (Sharpnack, J., dissenting) (noting that *Erie* adopted two different standards of proof for bad

faith claims, depending on whether punitive damages are sought, but that language from *Freidline* left this issue "unclear").

This court did not and does not read *Freidline* as having silently modified *Erie* in this respect. First, *Freidline* did not directly address any contested issue concerning the standard of proof. Second, *Freidline* cited *Plummer Power Mower* to support the key sentence. The cited discussion from *Plummer Power Mower* was a discussion of punitive damages (and the case was decided before the Supreme court decided *Erie*). See 590 N.E.2d at 1093. Third, when the Indiana Supreme Court intends to modify its prior holdings, it ordinarily does so explicitly. *Erie* addressed the question of burden of proof directly and separately for the bad faith tort and the additional relief of punitive damages. The court did not indicate in *Freidline* any intention to modify the clear direction of *Erie* on this point. This court sees no reason to modify the reasoning in the original entry.

State Farm cites two recent decisions of this court that quoted the key passage in *Freidline*: *Armstrong Cleaners, Inc. v. Erie Ins. Exchange*, 364 F. Supp. 2d 797, 819 (S.D. Ind. 2005), and *Bartlett v. State Farm Mutual Automobile Ins. Co.*, 2002 WL 31741473, *6-7 (S.D. Ind. Nov. 27, 2002). *Armstrong* quoted *Freidline* for the general standard, but nothing in the case turned on the distinction between the standards of proof for the tort and for punitive damages. The same was true in *Bartlett*. Accordingly, the general

language quoted in those opinions should not be interpreted as an implicit conclusion that the distinction recognized in *Erie* had been abandoned.

Finally, it should be noted that the debate over the standard of proof may have few practical consequences, which may account for the fact that this court and other courts have sometimes overlooked the difference. The Indiana Supreme Court noted in *Erie* that the elements, defenses, and recoveries for the tort of bad faith would overlap substantially those for a simple breach of contract claim. 622 N.E.2d at 520. The big difference is punitive damages. Insureds usually pursue bad faith claims because of the prospect for a punitive damage recovery, which is not available on the breach of contract theory. Thus, when the issue really matters, it is usually because the plaintiff wants punitive damages. All agree that Indiana law requires proof of clear and convincing evidence to recover punitive damages.

Accordingly, the court does not believe any further clarification is needed. Plaintiffs' motion to reconsider is hereby denied; defendant's motion for clarification is also denied.

So ordered.

Date: August 8, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

Donna C. Marron
PLEWS SHADLEY RACHER & BRAUN
dmarron@psrb.com

David L. Pippen
PLEWS SHADLEY RACHER & BRAUN
dpippen@psrb.com

Tara J. Stapleton
BINGHAM MCHALE LLP
tstapleton@binghammchale.com